## DENNETT vs. SHORT.

A promise to pay a certain sum in the wares of a particular trade, must be understood to mean such articles as are entire, and of the kind and fashion in ordinary use; and not such as are antiquated and unsaleable.

THIS was an action of *assumpsit* on a promissory note, in which the defendant engaged to pay the plaintiff " one hundred dollars in pump and block work, at the customary prices, in three months, with thirty days' notice when then the work is called for."

The defendant, who was a pump and block maker, being duly called upon for payment of the note at his shop, offered to the plaintiff a quantity of work which he had previously separated and laid aside for that purpose, consisting of an unusual proportion of small pump boxes; but few blocks, and those small, and some of them old, and not such as were usually called for or in use at the present day, and not suitable to make a gang of blocks for a vessel; with a quantity of hearts, such as were not in ordinary use; which the plaintiff refused.

The jury were instructed by *Parris J.* that the plaintiff was not bound to receive in payment of the note articles which were useless or not merchantable; and that the defendant, by a tender of a lot of pump and block work, comprising articles which, having laid by in his shop for years, had become useless and unsaleable, or containing an unusual proportion of articles not in ordinary use and demand, could not discharge his liability on the note; and that if they were satisfied that such was the character of the articles tendered, they would find for the plaintiff. But if they believed that the articles tendered formed an average lot of pump and block work, of the value of a hundred dollars, and of such a variety of work as was usual in a lot of that value, they would find for the defendant. And they returned a verdict for the plaintiff; which was taken subject to the opinion of the court upon the correctness of these instructions.

*Abbot*, for the defendant, contended that it was sufficient if he produced a due quantity of any pump and block work, properly

Dennett *v.* Short.

manufactured; and that it was not the right of the payee to prescribe the kind of articles to be tendered; the other party having the privilege of discharging himself by a tender of any which came within the terms of the note. *Chipman on Contr.* 30; *Pothier on Obl. sec.* 283, 284.

*Pond,* for the plaintiff, cited 1 *Dane's Abr.* 101, *sec.* 28; 2 *Bos. & Pul.* 168; 2 *Comyn on Contr.* 522.

THE COURT said, in substance, that the contract was to be interpreted by reference to the situation of the parties, and to the benefits which each might reasonably be supposed to have intended to derive from making it. Every contract in general terms for the wares of a particular trade, must be understood to relate to wares of the kind and fashion then in ordinary use; since no others would be serviceable to the purchaser. In the present case some of the articles tendered were not of this character; but on the contrary were out of use and unsaleable; and some were only parts of the article mentioned, viz. pumps; on both which accounts the plaintiff was justified in refusing to receive them. For these reasons, although the instructions respecting the average proportion of the articles were broader than the case required, they rendered

*Judgment on the verdict.*