FLORENCE STONE, APPELLEE, V. LLOYD STONE, APPELLANT.

FILED OCTOBER 11, 1929. No. 26702.

*Frampton & Polk,* for appellant.

*Cook & Cook, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and DAY, JJ., and REDICK and RYAN, District Judges.

RYAN, District Judge.

This is an appeal from a judgment of the district court for Dawson county, ordering the defendant to pay the sum of $20 a month for the support and maintenance of his minor son, William Bernard Stone, until further order of court, and $100 attorney's fee and costs of suit.

The plaintiff and the defendant were married on January 2, 1913. On April 13, 1921, the plaintiff commenced action for divorce in the district court for Dawson county. The minor child, William Bernard Stone, was at that time but eight months old. On the 11th day of June, 1921, the plaintiff and the defendant entered into a stipulation which provided in brief that no testimony should be taken as to the alimony and support of the child at this time, and, further, that in case the child should be adopted on or before the next term of court the defendant agreed that in that event, provided he was relieved from further responsibility for the care and maintenance of the child, he would pay the plaintiff the sum of $1,000 and an additional sum of $500 a year, to be paid on the first day of January each year for three

years; that this sum of $2,500 should be in full for alimony and for the support, maintenance and care of the child.

The parties further agreed in this stipulation that, in the event the child should not be adopted before the first day of the next term of court, then the court should take testimony and make such allowance as in his judgment would be just and equitable for the support and maintenance of the child and for such alimony as in the discretion of the court would be just and equitable.

In accordance with this stipulation the court on the same day entered a decree of divorce in favor of the plaintiff, which decree made no provision for the custody, support or maintenance of the child or alimony.

It further appears from the record that on the 27th day of June, 1921, the parents of the plaintiff, Andrew J. Hurd and Hettie Hurd, petitioned the county court of Gosper county, Nebraska, to adopt the said minor child, William Bernard Stone; that said petition asked for an unconditional adoption, and that the name of said child be changed to William Bernard Hurd; that on the same date the plaintiff and the defendant appeared in person in the county court of Gosper county and filed their written relinquishment and consent to the unconditional adoption of said child, and that on the same date the county court of Gosper county, Nebraska, entered an unconditional decree of adoption.

The record also shows that on the same date, to wit, June 27, 1921, exactly 30 minutes after the decree of adoption had been entered and filed by the court, the plaintiff in this action, Florence Stone, petitioned the county court of Gosper county to adopt William Bernard Hurd, and that his name be changed to William Bernard Stone, and that the adopting parents, Andrew J. Hurd and Hettie Hurd, filed their relinquishment, and the court entered an unconditional decree of adoption, decreeing that William Bernard Hurd be adopted by Florence Stone unconditionally, and that his name be changed to William Bernard Stone.

Thereafter, on the 11th day of July, 1921, the district

court entered a supplemental decree, in accordance with the stipulation of June 11, 1921, which was filed in the court under date of June 25, 1921, as follows:

"Now on this 11th day of July, 1921, this cause came on for hearing upon the stipulation on file under date of June 25, 1921.

"Court finds, that the child having been adopted by the father and mother of the plaintiff as per stipulation on file under date of June 11, 1921, and filed on June 25, 1921; that the defendant pay to the plaintiff as alimony the sum of $1,500, payable as follows, to wit: $500 on January 1, 1922, $500 on January 1, 1923, and $500 on January 1, 1924, with interest at 6 per cent. from date. The court further finds that the defendant has paid to the plaintiff the sum of $1,000 on the stipulation now on file, leaving the above sum of $1,500 yet unpaid.

"It is therefore ordered, adjudged and decreed that the plaintiff recover of and from the defendant the sum of $1,500 with interest at 6 per cent. from date payable, as follows: $500 on January 1, 1922, $500 on January 1, 1923, and $500 on January 1, 1924. It is further ordered, adjudged and decreed that the defendant pay the costs of this action."

It appears from the record that the $2,500 was duly paid according to the stipulation, and on February 1, 1928, the plaintiff filed a petition in the district court for Dawson county which relates the facts of the case practically as they have been detailed here. This petition further alleged that the adoption proceedings had in Gosper county on the 27th day of June, 1921, in which Andrew J. Hurd and Hettie Hurd purported to adopt said minor child were void for the reason that the same were not entered into in good faith by the parties or by the defendant, and that it was never the purpose or the intention of the said Hurds to take said child as their own and to care for said child, and that said proceedings were simply a pretense and a subterfuge whereby the defendant was attempting to escape liability for the support of his child; and that said proceedings were void

for the further reason that no notice of said proceedings was given as provided by statute, requiring 14 days to elapse between the filing of the petition and the hearing. Plaintiff further alleged that she had no property and no income or means of support other than such as she was able to earn by her own labor, and that her earnings were insufficient to properly maintain, support and educate said child; that the defendant is a strong, able-bodied man and the owner of considerable property and able to contribute to the support, maintenance and education of said child; and prayed that the decree of divorce entered on the 11th day of June, 1921, be modified, and that the defendant be ordered and adjudged to pay into court each month, until further order of court, such sum as shall to the court seem reasonable for the support and maintenance of said child.

The answer admits the marriage, but denies that the defendant is the father of said minor child, denies that there was any fraud in the adoption proceedings held in Gosper county, and alleges that the adoption proceedings were had in good faith, and that all parties were present in court, and further alleges that said adoption proceedings are not subject to collateral attack, and that the plaintiff is estopped from denying the validity of the same, and that under such adoption proceedings and the statutes relative thereto the defendant has been relieved from all liability for the support of said child, and prays that the petition may be dismissed.

Upon the trial of the case the court entered a supplemental decree, which, without making any mention of the adoption proceedings, found generally for the plaintiff and against the defendant, found that the child, William Bernard Stone, was born as the issue of the marriage of the plaintiff and defendant, and committed said child to the care and custody of the plaintiff, and decreed that the defendant should pay into court for the support and maintenance of the child the sum of $20 a month, commencing June 1, 1928, and continuing on the first of each and every month thereafter until said child arrived at the age of 18 years, and also

the further sum of $100 as attorney's fees, from which decree the defendant appeals to this court.

The counsel for the appellee seek to support this decree by the authority of *Connett v. Connett*, 81 Neb. 777, and *Chambers v. Chambers*, 75 Neb. 850, and this appears to have been the theory upon which the district court entered the decree complained of. In the case of *Connett v. Connett, supra,* this court laid down the rule: "Where, in a decree of divorce, the court includes an order concerning the custody or maintenance of minor children, those infants in a sense become wards of that court, and it has authority at any subsequent period of their minority, upon application of either parent and sufficient notice to the other, to revise and alter the decree so far as it relates to the care, custody or maintenance of the children." And further: "The parents cannot by contract between themselves, nor can the court by any order it may make in the divorce suit, irrevocably determine the amount of money the father shall contribute for the support and education of his children, so as to deprive that court of power, upon a proper showing and notice, to alter said decree in the interest of justice and for the benefit of said children." The rule announced in the *Chambers* case, *supra,* is substantially the same.

This court would have no difficulty in following these cases and affirming the decree of the trial court, were it not for the adoption proceedings had prior to the entry of the decree fixing the alimony payable to the plaintiff. The trial court made no finding whatever with reference to the decree of adoption. The stipulation of the parties, which was entered into prior to the hearing of the divorce case on July 11, 1921, it seems to us, was a perfectly fair one, and it contemplated the subsequent adoption proceedings. It further provided that, in case the child should not be adopted, then the amount of alimony and allowance for the support and maintenance of said child should be left to the judgment and discretion of the court. When the supplemental decree was entered on July 11, 1921, the adoption proceedings had been had, and the court found in that case

that said child had been adopted by the father and mother of the plaintiff in accordance with the stipulation on file under date of June 11, 1921, and entered a decree providing for the payments of alimony in accordance with that stipulation, and because of the adoption proceedings made no provision for the support of the minor child.

In view of the record, we do not see how the allegation of the plaintiff's petition that the adoption proceedings were not entered into in good faith can be sustained. If there was any lack of faith, it appears conclusively to this court that it was upon the part of the plaintiff in instituting the second adoption proceedings and in not informing the defendant and the court, at the time of the modification of the decree, of such second adoption proceedings.

In the case of *Milligan v. McLaughlin*, 94 Neb. 171, the adoption proceedings were very similar to those in this case, except that the husband of the adopting party did not sign the adoption petition. It also appears that the proceedings were not had in the county of which the adopting parents were resident. The court in that case, speaking through Letton, J., held that the collateral heirs of the adopting parent were estopped to deny the validity of the adoption proceedings.

In the case of *Ferguson v. Herr*, 64 Neb. 659, this court held that, in rendering the decree provided for in the adoption statutes of Nebraska, the county court acts judicially, and such decree has all the force and effect of a judgment, and is subject to collateral attack only for want of jurisdiction.

In the adoption proceedings had in Gosper county the jurisdiction of the county court cannot be questioned. The decree of adoption rendered by that court was not appealed from and is not subject to collateral attack in this proceeding. Moreover, plaintiff in this action has treated such adoption proceedings as valid. She appeared in the district court for Dawson county and represented to the court that the minor child had been adopted by her parents, and, on the strength of that representation and such adoption

proceedings, was granted an alimony judgment in the sum of $2,500 and she is now estopped to deny the validity of such proceedings.

We conclude, therefore, that the defendant by the adoption proceedings was relieved of all family duties toward and all responsibilities for said minor child and is not now liable for its maintenance and support.

The decree of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.