IN RE ESTATE OF ERNST ZEHNER.
AGATHA KATHERINA LANG, APPELLANT, V. FRED ZEHNER, APPELLEE.

FILED FEBRUARY 7, 1936. No. 29435.

*Frank P. Johnson* and *Morrow & Morrow,* for appellant.

*Wright & Wright, Max G. Towle* and *Farley Young,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and CHASE, District Judge.

DAY, J.

On September 4, 1913, Ernst Zehner, who died intestate November 22, 1930, adopted Fred Zehner who at the time of his birth was named Horace Clark. Fred Zehner filed a petition of intervention in the probate proceeding, the prayer of which is that he be decreed the sole and only heir of Ernst Zehner, deceased. Agatha Katherina Lang, a sister of the deceased, contested the claim of Fred Zehner that he is the sole heir at law, and the prayer of her answer to intervener's petition was that she be decreed the sole and only heir of deceased. The county court entered a decree of distribution after a hearing upon the issues raised between Fred Zehner and Agatha Katherina Lang, finding that the former was the legally adopted son of the deceased at the time of his death and is the sole and only heir at law. Agatha Katherina Lang appealed to the district court from the order allowing said final account and from the decree of heirship and distribution of said estate. After a trial the district court found "That the adoption proceedings in Scotts Bluff county, Nebraska, wherein Fred Zehner was adopted by Ernst Zehner and Irene Zehner, are voidable as to the natural parents of said Fred Zehner. * * * That the adoptive parents, and all those claiming through and under said adoptive parents of said Fred Zehner, are estopped to deny the validity of said adoption proceedings, and that Fred Zehner is the legally adopted son of Ernst Zehner, deceased, and is the sole and only heir at law of the said Ernst Zehner, and is entitled to inherit his estate."

Upon appeal to this court, it is contended by the appellant, Agatha Katherina Lang, that the decree is erroneous for the reason that the adoption proceedings were void

because there was no notice to or consent of the natural parents to the adoption. There is no dispute as to the facts in this case. Agatha Katherina Lang is the sister of the deceased, and there are no other heirs, unless it be Fred Zehner as an adopted son. If Fred Zehner is the legally adopted son, then he is the sole heir, but if he is not, then Agatha Katherina Lang is the sole heir of the deceased. Therefore, the adoption proceeding is our only concern here.

On March 27, 1912, a petition was filed in the district court for Lancaster county as a juvenile court, alleging that Horace Clark, who was born March 14, 1912, was a neglected and dependent child and that his mother was Stella Clark of Roca, Nebraska. A summons was issued to Stella Clark, the mother, and upon service, she appeared in court with the child, and the court found that Horace Clark was a dependent child and a ward of the court; that his mother was unable to support him, and the whereabouts of his father was unknown, and that it was to the best interest of said child that a guardian be appointed for him. The court then appointed the board of control as guardian of the person of Horace Clark, and no further order was ever made by said court in this case.

Thereafter, on July 15, 1913, the deceased, Ernst Zehner, and his wife, Irene Zehner, filed a petition in the county court of Scotts Bluff county praying for a decree of adoption of said Horace Clark. Attached to this petition was a relinquishment and consent to adoption signed by the board of control, by Etta Caton, agent. A notice was given by the court that said petition would be heard on September 4, 1913, and was published in the "Gering Wasp," a newspaper, for four consecutive weeks, but the last publication was only five days before the date of hearing, instead of the ten days required by statute. On September 4 the court entered a decree finding that the board of control had consented to the adoption by Ernst Zehner and Irene Zehner and entered a judgment that Horace Clark was the adopted son of the parties.

About a year thereafter, the Zehners were divorced, and the court found that neither of them was a proper person to have the care and custody of the adopted child and committed Fred Zehner to the custody and control of the board of control. Thereafter, Fred Zehner was placed in the home of some blood relatives.

Agatha Katherina Lang contends that the consent of the board of control adds nothing to the validity of the proceedings because the statute authorizing the juvenile court to appoint the board of control as guardian of the person of the minor is unconstitutional and void for the reason that the county court is given exclusive jurisdiction over guardianship matters by the Constitution. It is unnecessary to pass upon the validity and effect of these statutes, for this court is determined that the adoption proceedings cannot be collaterally attacked by Agatha Katherina Lang to prevent the adopted child from inheriting from the adoptive father.

The answer of Agatha Katherina Lang to the petition of intervention of Fred Zehner alleges that the decree of adoption is void and a nullity. This is a collateral attack upon the judgment of the county court. Our statutes, in common with those of most states, provide that notice shall be given the natural parents of a child. A failure to give the required statutory notice to the natural parents renders the adoption proceedings irregular and void, so far as regards the person not notified. Natural justice requires that natural parents should be notified of the proceedings before the custody of their child is taken from them and given to another. However, a parent, who appears, participates in, and consents to adoption proceeding and thereafter treats it as valid, is estopped to deny the validity thereof. *Stone v. Stone,* 119 Neb. 45, 226 N. W. 807. Where a parent is entitled to notice of adoption proceedings, he alone can complain of failure of notice. *Slattery v. Hartford-Connecticut Trust Co.,* 254 Mich. 671, 236 N. W. 902.

The probate court acts judicially in an adoption proceeding. If there is a substantial compliance with the

statutes, the decree is conclusive unless an appeal is taken. *Ferguson v. Herr,* 64 Neb. 649, 659, 90 N. W. 625, 94 N. W. 542. Such a decree of adoption could be reversed, vacated or modified by the district court upon appeal by one having an appealable interest in the decree. The heir of the adoptive father does not have such an appealable interest in the decree of adoption that she could prosecute an appeal, attacking the decree in a direct proceeding. Can the heir of the adoptive father attack the decree in a collateral proceeding? We think not. In *Milligan v. McLaughlin,* 94 Neb. 171, 142 N. W. 675, the petition was filed in the wrong county, clearly without jurisdiction, and the court held that the collateral heirs of the deceased adopting parents are estopped to deny the validity of the adoption proceedings, and that the child is entitled to inherit. The effect of this rule is that third persons cannot take advantage of the failure to give notice to the child's parents in an adoption proceeding so as to prevent the child from inheriting from his adoptive parents.

The appellant raises many questions, which are not applicable to the issues or are unnecessary to a decision of this case. One of them is that the child did not continue to live with the adoptive father until his death, but only lived with him approximately ten months. It was no fault of the child, then under two years of age, that he did not continue to live with his adoptive father. The adoptive father was adjudged in a divorce action not to be a proper person to have the custody of his child. He made no complaint as to the regularity of the adoption proceeding. He always recognized it as valid. He put into operation the judicial machinery which entered the decree of adoption. Where an adoptive parent institutes such proceedings and procures an order of adoption and takes the child into his family, where it assumes the place and duties of his child, he will not be permitted to urge thereafter that the proceedings were void. Paraphrasing the language of another court, the rule is stated as follows: Where adoptive parents seek and obtain a decree of adoption, and take the child into

their home as their own, they and their heirs are estopped from attacking said decree collaterally. The presumptive heirs of the adoptive parents are estopped to attack collaterally the decree of adoption. Their claim arises through their ancestors, and they are in no better position to question its validity. *Kenning v. Reichel*, 148 Minn. 433, 182 N. W. 517; *Pugh v. Cox*, 185 Wis. 33, 200 N. W. 686; *Milligan v. McLaughlin*, 94 Neb. 171, 142 N. W. 675. But in this case, the adoptive parent never questioned the validity of the decree. It is usually the heirs of adoptive parents who question the proceedings. Since the rights of the appellant here are derived solely as an heir of deceased, she can have no greater right to question the validity of the adoption proceedings than the decedent. The decedent created his relationships of life, and upon his death such relationships are fixed. One of the relationships which he created was that of a son by adoption. His sister, Agatha Katherina Lang, cannot change the legal effects which naturally flow from the relationship which the decedent established, not by the operation of the laws of nature, but by the deliberate overt act of the decedent in the institution of the adoption proceedings.

The judgment of the district court is

AFFIRMED.