IN RE ESTATE OF JAMES A. DESOE.
GEORGE R. DESOE, APPELLEE, V. SEWARD R. BENTON, ADMINISTRATOR, ET AL., APPELLANTS.
278 N. W. 852

FILED APRIL 1, 1938. No. 30248.

*Cleary, Suhr & Davis,* for appellants.

*W. P. Mullen* and *Prince & Prince, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ.

GOSS, C. J.

The administrator of the estate and the widow and three children of James A. DeSoe, deceased, appeal from

a judgment that George R. DeSoe was duly adopted by and is a lawful heir of James A. DeSoe.

The case arose in the county court on objections of George R. DeSoe to the final report of the administrator. Plaintiff alleged that he was an adopted son and entitled to a decree of heirship in common with the widow and three daughters of James A. DeSoe, deceased, stating the facts upon which he alleged his adoption and asking a finding awarding him an undivided share in the estate. The county court sustained a demurrer to this pleading, a decree of distribution was rendered, apportioning the estate to the widow and daughters, and George R. DeSoe appealed to the district court.

In the district court it was stipulated that the objections should stand as appellee's pleading. The appellants filed an answer and the appellee filed a reply in the district court.

Appellee pleaded that, as Richard Coffee, he was left some time prior to January 18, 1910, at a Kansas City, Missouri, hospital by his mother, with the instruction to the superintendent to find a home for him; that on the 18th day of January, 1910, James A. DeSoe and his then wife, Maude B. DeSoe, applied to the juvenile court of Jackson county for the child, on the next day the child was placed with the said applicants, and on January 31, 1910, the court found that the child was a neglected child, and on March 21, 1910, said court committed plaintiff to the care and custody of James A. DeSoe. Plaintiff further alleged that about said time James A. DeSoe and Maude B. DeSoe executed and acknowledged a deed of adoption, adopting said child, Richard Coffee, as their own, under the name of George R. DeSoe, and took said child, which was then less than one year old, to their home in Cairo, Nebraska; that the deed of adoption has been lost; that the DeSoes both treated him as a son, told their friends and neighbors that they had adopted him; that until the death of Maude B. DeSoe both of them treated him as a lawfully adopted child, and after her death James A. DeSoe

and later Theresa M. DeSoe, whom James A. DeSoe married, treated him as an adopted son; that after the death of Maude B. DeSoe, James A. DeSoe placed a marker on her grave inscribed "Mother," and she was never the mother of any child save George A. DeSoe, who was then about five years of age; that C. H. DeSoe, the father of James A. DeSoe, died about 1901, leaving a last will devising a life estate in a farm to his son, then to his children if he had any, and, if not, to the testator's heirs; that James A. DeSoe had been advised that his wife, Maude B. DeSoe, would be unable to bear children and, in order to protect his wife from loss of the farm, it was planned to adopt a child and they did adopt plaintiff; and that by reason of all the facts hereinbefore set forth defendants are estopped to claim that the said George R. DeSoe is not the adopted son of James A. DeSoe.

For answer defendants allege that Richard Coffee was duly found by the juvenile court of Jackson county, Missouri, to be a neglected child and his custody and control was awarded to James A. DeSoe and thereafter he lived at the home of James A. DeSoe under said commitment and not otherwise; the answer makes certain other allegations that are not necessary to recite, and contains a general denial and demurrer and prays that he be excluded from participation as a distributee of the estate of James A. DeSoe.

Appellee replied realleging the execution of the decree of adoption.

The court ordered the issues tried to the jury and at the conclusion of the evidence confined the issues to be submitted to the single question whether James A. and Maude B. DeSoe had executed and acknowledged a deed of adoption, as provided by the laws of Missouri, with the intention thereby to adopt the appellee. The jury answered in the affirmative and judgment was entered for appellee.

The main question is whether appellee was legally adopted by the DeSoes under the laws of Missouri. Chapter 20, art. I, Rev. St. Mo. 1909, says:

"Sec. 1671. Adoption of children shall be by deed.—If any person in this state shall desire to adopt any child or children as his or her heir, it shall be lawful for such person to do the same by deed, which deed shall be executed and acknowledged by the person adopting such child or children and recorded in the county of the residence of the person executing the same, as in the case of conveyance of real estate.

"Sec. 1672. Married woman may join in deed.—A married woman, by joining in the deed of adoption with her husband, shall, with her husband, be capable of adopting any child or children."

Appellants argue that the right to adopt a child was a privilege accorded by the statute to residents of Missouri. But the statute does not so expressly state. It says "If any person in this state," etc. It does not say they must be residents of the state. The DeSoes were in the state and they desired to adopt the little boy, whose custody they first procured from the juvenile court of Jackson county, Missouri. It is shown by the evidence that they made at least two trips to Missouri. That the statute provided the deed of adoption should be recorded in the county of the residence of the parties to it was designed to preserve the record of the deed for the benefit of parties who would be affected by it and might as well apply to parties residing in Nebraska as Missouri. The statute says "as in the case of conveyance of real estate." Real estate conveyances are not required to be recorded to be effective. There is no provision of the Nebraska statutes requiring or providing for deeds of adoption to be recorded.

This particular deed of adoption was not produced in court. Secondary evidence of its contents and purport was given sufficient to warrant the jury finding as a fact that it was executed and acknowledged. Irvin C. Schultz, a boyhood friend of James A. DeSoe, testified that some time after the DeSoes brought the boy home DeSoe showed him the deed, which he testified was executed by James A. DeSoe and Maude B. DeSoe. The deed was also testified

to by Charles E. Taylor, a lifetime friend of DeSoe. He had told Taylor that it was impossible for his wife to have a child and expressed the idea that they would adopt one. Taylor took the school census about 1915. James A. DeSoe then told the witness that George was his adopted son and produced the deed of adoption signed by James A. and Maude B., which the witness sufficiently described to take this case to the jury.

Other witnesses who were neighbors and friends of the DeSoes testified that both of them freely stated that George was their adopted son.

In the will of Hannah L. DeSoe, stepmother of James A. DeSoe, she made a devise "unto my stepson, James A. DeSoe, and his adopted son, George R. DeSoe." Both devisees were present when the will was admitted to probate and when it was discussed by the county judge in its relation to an inheritance tax. The county judge stated that, if George was an adopted son, there would be no inheritance tax on his share. James A. DeSoe stated that George R. DeSoe was his adopted son and no inheritance tax was levied.

As long as they lived, James A. DeSoe and his wife thought they had adopted this boy and treated him as an adopted son in the highest and best sense of that term. Now that he is 28 years old, his right to that status under the deed of adoption and under the acceptance of the relation for so many years is attacked collaterally.

A similar principle was involved in *In re Estate of Zehner*, 130 Neb. 375, 264 N. W. 891, and it was decided:

"The probate court acts judicially in an adoption proceeding. If there is a substantial compliance with the statutes, the decree is conclusive. * * *

"Where adoptive parents seek and obtain a decree of adoption, and take the child into their home as their own, they and their heirs are estopped from attacking said decree collaterally."

To the same effect is the case of *In re Reichel*, 148 Minn. 433, 182 N. W. 517.

Appellants assign numerous errors, many of which are not argued. The foregoing disposes of all of them which we think are relied on and possess debatable merit.

The judgment of the district court is

AFFIRMED.