**IN RE: ADOPTION OF ALICE PAULINE McLAUGHLIN; CLAUDE BARCO v. AGNES R. McLAUGHLIN BARCO.**

30 So. (2nd) 632                                    January Term, 1947
May 20, 1947                                         Special Division B
Rehearing denied June 13, 1947

*Zach H. Douglas,* for appellant.
*Samuel W. Getzen,* for appellee.

BUFORD, J:

The appeal brings for review final order of Circuit Judge denying motion of appellant which prayed the rescission, cancellation and holding void of an order and judgment of adoption of a minor child, which order and judgment had been theretofore made and entered by the Circuit Judge upon the motion, request and petition of appellant.

After setting forth a statement of the facts and circumstances under which the judgment or decree of adoption was entered the judgment here for review states,

"The court further finds that there is now pending a very vigorously contested divorce suit between Claude Barco and his wife, Agnes McLaughlin Barco, and that the support of the said child is involved in these divorce proceedings. That more than two years elapsed since the signing of the final decree of adoption before the petitioner, Claude Barco, filed his motion to set aside and vacate the final decree of adoption. This being an equity case, the said Claude Barco does not offer to do equity and does not comply with the maxim of 'He who seeks equity must first do equity.' It is settled law that a person who asks for and accepts the benefit of a final decree or judicial order in his favor is estopped to deny the validity thereof whether the validity results from want of jurisdiction of the person or of the subject matter of the suit. The movant now seeks to be heard in this Court to question the decree made at his solicitation. He envoked the jurisdiction of this Court, he asked that the decree of adoption be made, he got what he desired and he should not be allowed to question the decree by said motion. If any wrong was done, he did it and he should not now be allowed to take advantage of his wrong to the prejudice of an innocent, minor child. He should not be allowed to make a football out of an innocent child and he is estopped in equity and good conscience to now undertake to undo that which was done at his own solicitation and has been ratified and confirmed by him for over two years. As the said minor child, and all minor children are the wards of the Court, this Court feels that if the decree of adoption were set aside it would be a great injustice to the said minor child, Alice Pauline Barco.

"It is therefore,

"ORDERED, ADJUDGED AND DECREED by the Court that the motion of the petitioner Claude Barco, to set aside the final decree of adoption is hereby denied."

Section 72.21 1945 Supplement, Fla. Statutes 1941 (same F.S.A.), provides:

"Proceedings to be as in Chancery. — All proceedings herein shall be as in Chancery and shall be governed by the same rules as in other chancery causes, except as may be herein expressly changed or modified."

Without expressing any view concerning the regularity or validity of the challenged judgment or decree of adoption, we hold that there is no reversible error in the order or judgment here on appeal because the Circuit Judge was justified in holding the appellant was not entitled to be heard to challenge the validity of the order which he, the appellant as petitioner, had procured to be made. See 142 American Law Reports 84; Cribbs v. Floyd, 188 S.C. 443, 119 S.E. 677; Nugent v. Powell, 4 Wyo. 201, 33 Pac. 23; 20 L.R.A. 199, 62 Am. St. Rep. 17; Jones v. Guy, 135 Tex. 398, 193 S.W. (2) 906; 142 A.L.R. 77; Stone v. Stone, 119 Neb. 45, 226 N.W. 807; Hopkins v. Gifford, 309 Ill. 363, 141 N. E. 178.

So the judgment is affirmed.

THOMAS, C. J., ADAMS, J., and KANNER, Associate Justice, concur.