WILLIAM A. WILTROUT, APPELLEE, v. J. R. SHOWERS, APPELLANT.

FILED DECEMBER 5, 1908. No. 15,346.

1. **Judgment: CONCLUSIVENESS.** Parties to a judgment are not bound by it in a subsequent action unless they were adverse parties in the original action.

2. ——: ——. In an action upon a promissory note against W., the maker, and S., who assumed and agreed to pay the note, and where no issue is joined as between W. and S. as to the contract of assumption of payment, the rendition of a judgment of dismissal as to S. will not in a subsequent action against him by W. to recover damages for a breach of the contract constitute a defense.

3. **Parol Evidence: DEED: CONSIDERATION.** An agreement to pay an existing note and mortgage as part of the consideration for a conveyance of the mortgaged premises may be established by parol testimony.

4. **Pleading: AFFIRMATIVE DEFENSE.** A defendant cannot avail himself of an affirmative defense unless such defense is pleaded and sustained by sufficient evidence.

APPEAL from the district court for Hayes county: LESLIE G. HURD, JUDGE. *Affirmed.*

*W. S. Morlan,* for appellant.

*W. R. Starr* and *P. E. Reeder, contra.*

GOOD, C.

Plaintiff brought this action in the district court for Hayes county to recover damages for breach of an oral contract whereby the defendant assumed and agreed to pay a certain note and mortgage previously executed by plaintiff. A jury was waived and trial had to the court, resulting in a judgment for plaintiff. The defendant has appealed.

The plaintiff Wiltrout was the owner of a tract of land in Hayes county which he had mortgaged to secure his principal promissory note for $500, with interest coupons attached. He afterwards sold and conveyed the land to the defendant Showers. The consideration agreed upon was $3,800. The defendant paid $3,300, and orally assumed and agreed to pay the notes and mortgage for the remainder of the purchase price of the land. The deed contained a covenant warranting the premises to be free of incumbrance. Showers neglected to pay the notes and mortgage, and after they became due the holder brought an action at law in the county court against both Wiltrout and Showers to recover upon the notes. In that action Wiltrout made default and Showers answered, denying liability. Showers, however, paid $475 upon the notes before the case came to trial in the county court, leaving

unpaid a balance of $294.93. The county court found Showers not liable, and entered judgment of dismissal as to him, but rendered judgment against Wiltrout for the unpaid balance and costs of action. Thereafter execution was issued upon this judgment and payment thereof enforced from Wiltrout, who then brought this action against Showers to recover the amount of the judgment, costs and interest which he had been compelled to pay. In the instant case Showers set out in his answer the judgment recovered in the county court, and averred that the matters in controversy in this action are *res judicata,* and also set out the deed of conveyance by which he obtained title to the land, and alleged that Wiltrout is estopped by the covenants in his deed from maintaining this action.

In this court the defendant urges that the judgment entered in the court below is erroneous because the record discloses that the matter in controversy in this action had been litigated and decided in the county court, and that by reason thereof the matter had become *res judicata.* The action in the county court was brought by the holder of the notes and mortgage, and a recovery was sought upon the principal promissory note and one interest coupon. The plaintiff also set out in his petition the facts with reference to the agreement of Showers to assume and pay the notes as a part of the purchase price of the land. As between the two defendants in that action no issue was joined. Wiltrout and Showers were not adverse parties. The question of liability of Showers on the oral contract to assume and pay the notes was not litigated and determined as between Wiltrout and Showers. The rule of law is well settled that parties to a judgment are not bound by it in a subsequent action unless they were adverse parties in the original action. 1 Freeman, Judgments (4th ed.), sec. 158; 2 Black, Judgments (2d ed.), sec. 599; *Pioneer Savings & Loan Co. v. Bartsch,* 51 Minn. 474. The bar of former adjudication can only be raised between those who were adverse parties in the former suit, and the judgment in the former suit settles nothing as to

the relative rights or liability of the codefendants as between themselves unless their conflicting claims were put in issue by cross-petition or adverse answers and were actually litigated and adjudicated. 23 Cyc. 1279; *Whitesell v. Strickler,* 167 Ind. 602. In *Buffington v. Cook,* 35 Ala. 312, 73 Am. Dec. 491, being an action for contribution between two parties where the record of the former trial showed that judgment had been rendered against the two jointly and that one party had paid the judgment, it was held not sufficient to establish the relative liability of the defendants as between themselves. To the same effect is *McMahan v. Geiger,* 73 Mo. 145, 39 Am. Rep. 489. In an action against several obligors upon a bond one of the alleged sureties was exonerated. In a subsequent action against him for contribution by one of the sureties against whom judgment had been rendered, and who had paid the judgment, it was held that the former judgment was not a bar to recovery in the subsequent action. *Koelsch v. Mixer,* 52 Ohio St. 207. It is plain that the matters in controversy in this action were not in issue and were not litigated and decided as between the parties in the former action. It follows that the defense of former adjudication was not sustained.

Defendant contends that parol evidence is not admissible to prove the contract whereby Showers assumed and agreed to pay the notes and mortgage. His theory of the case is that the deed constitutes the contract, and he invokes the well-known rule that the terms of a written contract cannot be altered or varied by parol testimony. It should be observed that the contract whereby the defendant assumed and agreed to pay the mortgage is not a necessary part of the deed of conveyance. Such contract may exist separate and apart from the deed. Another general rule of law that is applicable to the case is that the true consideration for a deed of conveyance may be inquired into and ascertained by parol evidence. The reason for this rule is that a change in or contradiction of the expressed consideration does not in any manner affect the

covenants of the grantor or grantee, and neither enlarges nor limits the grant. 17 Cyc. 653. Where a grantee in a deed of conveyance, as a part of the consideration therefor, assumes and agrees to pay an existing incumbrance, such an agreement may be shown by parol testimony, even though the deed contains a covenant of warranty against incumbrance, for the reason that such evidence does not destroy the warranty, but leaves it in full force and effect except as to the specific incumbrance, the payment or assumption of which was part of the consideration. 17 Cyc. 655. This question has been before this court on several occasions where the doctrine herein announced has been upheld. *Rockwell v. Blair Savings Bank,* 31 Neb. 128; *Reynolds v. Dietz,* 39 Neb. 180. In the latter case it is said: "An agreement to pay an existing mortgage, as part of the consideration for a conveyance of mortgaged premises, need not be inserted in the deed, neither must it necessarily be in writing. Such an agreement is an independent undertaking of the the party making it, the conveyance affording sufficient consideration to sustain it when its existence is established by a preponderance of evidence." The same question was before the supreme court of Michigan in the case of *Strohauer v. Voltz,* 42 Mich. 444. In that case a deed of conveyance recited a consideration of $3,000 and that the same was subject to a certain mortgage for $1,000. It was held competent to show by parol that the consideration was $4,000 and that the grantee agreed to personally pay the $1,000 mortgage. That case is very similar to the one at bar. There, as here, the grantee failed to pay the mortgage which he had orally assumed to pay, and judgment was rendered against the grantor, and he in turn brought action against his grantee to recover damages sustained by breach of the contract. It was held that he was entitled to recover. The following cases hold to the same doctrine. *Hays v. Peck,* 107 Ind. 389; *Bossingham v. Syck,* 118 Ia. 192; *Dennett v. Short,* 7 Me. 150, 20 Am. Dec. 356; 17 Cyc. 655, and cases there cited.

Defendant contends that the evidence is insufficient to show the oral agreement to assume and pay the note and mortgage. If by that the defendant had reference to the proving of the contract by parol testimony, his contention has been disposed of. The parol testimony of the plaintiff is plain and unequivocal that the defendant agreed to pay $3,800 for the land; that he paid $3,300; that for the other $500 he assumed and agreed to pay the notes and mortgage. This evidence is nowhere contradicted. It is ample to prove the contract.

Defendant urges that, even if he assumed to pay the notes and mortgage, he had been discharged from his obligation; that by the payment of the $475 he was to be released and discharged from any further liability. He contends that by the contract of assumption he became the principal and the plaintiff herein the surety, and that he having been discharged by reason of the payment would work a discharge of the surety, and that plaintiff was not bound to pay the judgment obtained against him in the county court. No such defense was pleaded by the defendant in his answer. This question was not an issue in the case, and, had it been an issue, the evidence would not sustain his contention. The evidence goes no further than to show that the defendant paid $475 upon the obligation which he should have paid in full. The evidence does not show that any composition or settlement was made between the defendant and the holder of the notes and mortgage. The record clearly shows the making of the contract, the breach thereof, and that plaintiff has sustained damages in consequence thereof in the amount for which judgment was rendered in the district court.

The judgment appears to have been properly rendered. No reversible error is shown, and we recommend that the judgment of the district court be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.