VINTON P. HESTER, APPELLANT, V. ADAH HESTER YOUNG ET AL., APPELLEES.

47 N. W. 2d 515

Filed April 19, 1951.    No. 32962.

D. E. Owens, and *Colfer, Russell & Colfer,* for appellant.

*Hines & Hines, Stevens & Scott, Van Pelt, Marti & O'Gara,* and *Stewart & Stewart,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The object of this action is specific performance of an alleged oral pre-adoption contract made by Hector Piedalue on behalf and for the benefit of his minor son, the appellant, with Elmer E. Hester and Minnie B. Hester, husband and wife, claimed to have been fully performed by appellant and his father and violated by Elmer E. Hester.

General demurrers of each of the appellees to the petition of appellant were sustained, and the action dismissed. This appeal is from the judgment of dismissal.

The petition contains allegations that: Appellant was born on February 8, 1917. His mother died a few days thereafter. He was surrendered to the care and custody of Elmer E. Hester and Minnie B. Hester, and lived with and was cared for in their home until the month of April 1929, at which time an oral agreement was made between them and the father of appellant for and on his behalf, that in consideration of the relinquishment by the father of his rights to and dominion over his child and the consent by the father to the adoption of the child by Elmer E. Hester and Minnie B. Hester, they would legally adopt the child by formal proceedings in Dundy County, Nebraska, and upon the death of either or both of them they "would leave to the plaintiff (appellant) a child's share in their respective estates; and that upon the death of the survivor of them, they would make him the sole heir of their property unless other children were born to * * * or adopted by them." His father on April 25, 1929, in writing, relinquished his rights to and dominion over appellant and consented to his unrestricted adoption by Elmer E. Hester and

Minnie B. Hester, except it was provided therein that if they should die before appellant reached the age of 21 years, the care, custody, and control of appellant should revert to his father. Proceedings were instituted in the county court of Dundy County, Nebraska, on April 25, 1929, for the adoption of appellant, and a decree was rendered therein on May 11, 1929, adjudging that appellant should be and was fully and legally adopted by Elmer E. Hester and Minnie B. Hester, husband and wife, with legal rights as if he had been born to them in lawful wedlock, subject only to the condition that if they should die before appellant attained the age of 21 years, his care, custody, and control should revert to his father. The decree of adoption is and has been since in full force and effect. Appellant lived with his adoptive parents in their home and maintained in reference to them the status of an affectionate, devoted, obedient, and helpful son until the year of 1941, at which time he was married. He assisted his adoptive parents in the conduct and operation of their farms and ranches and at all times recognized and fulfilled the obligations which he owed them as a son without compensation until the year 1944, at which time with the consent of Mr. Hester he moved to and took up his residence at Crete, Nebraska. The adoptive parents from the time of the adoption until their respective deaths recognized appellant as their son, and exercised over him parental rights, supervision, and direction, and exacted from him obedience, respect, and performance of duties assigned to him or incumbent upon him as their son.

Minnie B. Hester died about the 18th of May 1943, intestate. Her heirs were Elmer E. Hester and appellant, and the property then owned by her was distributed and assigned to them. Elmer E. Hester organized the Sarah Ann Hester Memorial Home, a corporation, in 1944, and the Elmer E. Hester Foundation, of Benkelman, Nebraska, a corporation, in 1947. After the organization of these corporations he conveyed to them respectively

until 1948, without consideration and with the intention and for the purpose of defeating the right of inheritance of appellant, valuable and extensive real and personal property in violation of the contract made by him and his wife with the father of appellant. Elmer E. Hester died September 18, 1949, testate. His will has been admitted to probate and by its terms devised all of his property, consisting of valuable personal property and a large amount of real estate, to the appellees, other than Adah Hester Young as the executrix of his last will and testament. The adoptive father bestowed none of his property upon appellant prior to his death or by his will.

Appellant asks that the contract alleged be established, confirmed, and enforced; that the conveyances and transfers of property to the corporations be set aside; that the title thereto and to the property owned by the deceased at the time of his death be quieted and confirmed in appellant; and that surrender of the property to appellant be ordered by the court.

The appeal presents for determination the correctness of the ruling of the district court on the demurrers to the petition and the judgment of dismissal. This must be explored and concluded by a consideration of the allegations of fact well pleaded, and any reasonable and fair intendments implied from them. These must be accepted as true. Koehn v. Union Fire Ins. Co., 152 Neb. 254, 40 N. W. 2d 874; Horrigan v. Quinlan, 149 Neb. 538, 31 N. W. 2d 430.

The oral contract sought to be enforced was made prior to the proceedings for adoption of appellant. It is pleaded by him that these were had in the county court of Dundy County and were completed in the month of May 1929. Their regularity, effectiveness, and finality are not only not assailed, but are alleged. The adoption statute of the state at the time of the adoption required a petition to be filed by any person desiring to adopt an infant in the county court of the county of the residence

of the petitioner. It could, if there were any agreements, "* * * state the terms and conditions on which the adoption is desired to be made." A consent in writing by the person authorized to agree to the adoption had to be filed before there could be a decree in the matter. There was permission for stating therein "the terms and conditions on which the consent is given." If it was the conclusion of the court after hearing that it was for the best interest of the child that the adoption be had, it was required that "a decree of adoption shall be entered in accordance with the terms and conditions of said consent and petition." §§ 43-105, 43-106, and 43-108, Comp. St. 1929. The effect of the adoption was stated in the statute as follows: "Unless the terms and conditions in such consent and petition otherwise provide, the person or persons adopting, and the child adopted shall after adoption, sustain toward each other the usual relation and the adopted child shall have bestowed upon him or her equal rights, privileges and immunities of children born in lawful wedlock, of parent and child, and shall have all the right and be subject to all the duties of that relation, * * *." § 43-109, Comp. St. 1929.

The contents of the petition for adoption are not disclosed by the petition in this case, but it may be presumed that they observed the statute and were consistent with the decree of adoption. The consent was given and executed by the natural father of appellant and contained one condition upon which it was given: "that said child shall be adopted by said Elmer E. Hester and Minnie B. Hester, husband and wife with the understanding that in the event that both of them should pass away before the said minor child shall have attained the age of twenty-one years, the care and custody and control of said child shall revert to me." The decree of adoption was made upon this condition but was otherwise unrestricted. The effect of the condition was exhausted when appellant reached the age of 21 years, be-

cause his adoptive parents were then living, and the rights of the parties then existed as if no condition had been stated in the petition, the consent, or the decree. The rendition of the decree of adoption by the county court was a judicial act, has all the force and effect of a judgment, and may not be collaterally attacked. Ferguson v. Herr, 64 Neb. 659, 94 N. W. 542; In re Estate of Zehner, 130 Neb. 375, 264 N. W. 891; Annotation, 16 A. L. R. 1024. See, also, Stone v. Stone, 119 Neb. 45, 226 N. W. 807; Milligan v. McLaughlin, 94 Neb. 171, 142 N. W. 675, 46 L. R. A. N. S. 1134.

Appellant does not allege that the petition, the consent, or the decree in the adoption proceedings contained the terms or conditions of the special contract between Elmer E. Hester and Minnie B. Hester and the father of appellant for his benefit and now sought to be enforced by him. In the absence of any provision in these of special terms and conditions of inheritance by appellant, he has only the rights of a natural child born in lawful wedlock. Any obligation entered into before the adoption for greater rights for appellant in or to the property of the adoptive parents than he acquired by the adoption was made ineffective and unenforceable by the adoption in the manner and form exhibited by the petition in this case. Appellant had only the rights of inheritance from his adoptive parents that he would have had if he had been their natural child. The principles announced by this court, applied to this case, justify a conclusion that appellant has not pleaded a cause of action. The effect of these decisions is that adoption proceedings in this state are judicial; that the petition, consent, and decree are the measure of rights acquired by adoption; that all antecedent agreements in reference thereto are exhausted and made ineffective by the adoption; and that it may not be shown in a collateral assault on the decree of adoption that there were antecedent terms and conditions in conflict with the decree.

In re Estate of Enyart, 116 Neb. 450, 218 N. W. 89; In re Estate of Grinnell, 117 Neb. 332, 220 N. W. 583; Ferguson v. Herr, *supra.*

In In re Estate of Enyart, *supra,* the court said: "The legislature creates and may take away the right to inherit. It is within the power of the legislature to confer the right of inheritance upon adopted children or adoptive parents, as well as upon natural children and parents. If there are no restrictions, limitations or conditions in the adoption, our statute of adoption creates the legal relation of parent and child and gives to the adoptive parent and the adopted child all of the rights that pertain to that relation by virtue of the statute of descent." See, also, Jones v. Blankenburg, (Cal.) 94 P. 2d 92; McLean v. McAllum, 131 Miss. 234, 95 So. 309.

It was the legal right of Elmer E. Hester to dispose of his property by transfer and conveyance or by will and thereby disinherit his adopted son. It is generally recognized that an adopted child acquires, in the absence of special terms or conditions beyond those provided by statute, only the rights which a natural child born in lawful wedlock would have and no more, that like a natural child he may be disinherited and cut off from any share in the estate of the adoptive parents. In Pohle v. Nelson, 108 Neb. 220, 187 N. W. 772, it is said: "A contract with a child or a decree of adoption, which does not obligate the parents to give the child any more than one born to them in lawful wedlock, does not restrict the rights of the parents to dispose of their property by deed or will." See, also, Pemberton v. Perrin, 94 Neb. 718, 144 N. W. 164, Ann. Cas. 1915B 68; Tuttle v. Winchell, 104 Neb. 750, 178 N. W. 755, 11 A. L. R. 814; Brown v. Blesch, 270 Mich. 576, 259 N. W. 331, 97 A. L. R. 1012; Odenbreit v. Utheim, 131 Minn. 56, 154 N. W. 741, L. R. A. 1916D 421; 1 Am. Jur., Adoption of Children, § 60, p. 660.

The demurrers to the petition of appellant were prop-

erly sustained and the judgment of dismissal should be, and it is affirmed.

AFFIRMED.