RUTH ANN DORLAND, APPELLEE, V. WARREN B. DORLAND ET AL., APPELLANTS.

121 N. W. 2d 28

Filed April 12, 1963. No. 35393.

Frank A. Hebenstreit and Bayard T. Clark, for appellants.

Wiltse & Wiltse, Paul P. Chaney, and Emory P. Burnett, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action by Ruth Ann Dorland, plaintiff and appellee herein, against Warren B. Dorland and Cetha Floy Dorland, defendants and appellants, for a declaratory judgment determining the rights of these parties under a written agreement entered into by and between these parties, bearing date and declared effective date of April 1, 1959, and for judgment in favor of the plaintiff and against the defendants for the amount claimed by

the plaintiff payable to her from the defendants at the time an amended petition was filed, which was $2,875, and for such a further amount as she claimed would become payable by the time of judgment, with interest.

By answer the defendants denied the right of the plaintiff to the declaratory relief which she claimed, and prayed for an accounting between the parties. From the standpoint of pleading the case was presented on an amended petition and an amended answer.

The plaintiff filed no pleading in response to the answer. The effect of this failure, there being no objection, was to regard the allegations as having been generally denied. See, Crilly v. Ruyle, 87 Neb. 367, 127 N. W. 251; Central Constr. Co. v. Highsmith, 155 Neb. 113, 50 N. W. 2d 817; Dinkel v. Hagedorn, 156 Neb. 419, 56 N. W. 2d 464; Anson v. Grace, 174 Neb. 258, 117 N. W. 2d 529.

The case was tried to the court and a judgment was rendered declaring the rights of the parties under the agreement and awarding judgment in favor of the plaintiff for an amount due at that time of $3,301. From this judgment the defendants have appealed.

An understanding of the matters involved in this action requires a statement of its background which, to the extent necessary to relate, is the following: The plaintiff here and the defendant Warren B. Dorland were, prior to July 28, 1959, wife and husband. Some time prior to that date this defendant left the State of Nebraska, where the parties resided, and went to the State of Florida where he commenced an action for divorce. The parties had three minor children. In that action a decree of divorce was rendered on July 28, 1959.

Prior to the rendition of the decree of divorce the parties to the action entered into a written stipulation by which the parties, among other things, agreed upon the placement and custody of the children, upon provision for their support and maintenance, and upon alimony or support for the wife. By the terms of the stipulation, it was subject to approval of the court in case

of the rendition of a decree of divorce. The stipulation was dated April 1, 1959, signed by the parties, acknowledged by plaintiff in that action on April 10, 1959, and by the defendant there on April 4, 1959.

By the terms of the stipulation the plaintiff there obligated himself to pay to the defendant there $50 a month for each of the children until they should respectively reach the age of 21 years or are married, and to pay to the defendant there $100 a month until death or remarriage. It was required that the payments should be made monthly in advance. Other matters were agreed upon but they do not require mention herein. The stipulation was ratified and confirmed by the Florida court in its decree.

At the same time that the stipulation was made an agreement was made between these two parties which contained the same substance as that in the stipulation with reference to support and maintenance for the children and for the wife. The obligations of this agreement, like the stipulation, depended upon the granting of the decree of divorce.

Cetha Floy Dorland, the other defendant in the present action, was a party to, signed, and acknowledged the agreement. For considerations stated in the agreement she bound herself to the following:

"And the undersigned Cetha Floy Dorland hereby contracts, agrees and assures the payment, in the event that a divorce may be granted, to the said Ruth Ann Dorland of monthly payments as above provided by Warren B. Dorland irrespective and regardless of the performance of Warren B. Dorland of the agreements and obligations hereunder; and independently of any judgment that may be entered in the State of Florida in connection with the divorce proceedings aforesaid. It is the intent of the parties to this agreement that the total monthly payments to the defendant Ruth Ann Dorland by the plaintiff Warren B. Dorland shall not exceed $250.00."

At the time of the commencement of the action here the plaintiff by her petition contended that the defendants were in arrears under this agreement. The district court, after full hearing, rendered the judgment which has been indicated herein.

As grounds for reversal the brief of defendants contains numerous assignments of error. However all of them do not require specific mention and others do not require consideration at all since they are not argued in the brief.

The first one presented is based on the theory that the action is one the purpose of which is to enforce the terms of a decree of divorce rendered in Florida. This is not such a situation. The action here is one based upon a Nebraska agreement. By its terms the decree of the court in Florida did nothing more than to approve the stipulation and the agreement. This is not to say that action to enforce the decree could not be had in the courts of Florida, but only that this is in nowise an action to enforce a decree, but is only an action on a contract. There is no contention made that as a contract it is not enforceable in Nebraska.

By a group of assignments of error the defendants present the question of whether or not there was consideration for the agreement which the defendant Cetha Floy Dorland signed. These have apparently been abandoned since the brief contains no argument in their support. In any event the evidence fully supports the allegations of consideration. Consideration for an agreement or a promise is sufficient if there is any benefit to the promisor or any detriment to the promisee. See, Phelps v. Blome, 150 Neb. 547, 35 N. W. 2d 93; Pike v. Triska, 165 Neb. 104, 84 N. W. 2d 311.

It is urged in argument that the defendants were entitled to and did not get credits for medical services furnished to the children involved after the effective date of the agreement by the defendant Warren B. Dorland,

and for appropriation of funds belonging to him after that date.

Evidence on this subject was admitted and the conclusion reached by the district court was contrary to the contention of the defendants. It cannot be said that the conclusion was erroneous.

Another contention made, as interpreted here, is that there is ambiguity in the agreement which required explanation and the court, to the detriment of the defendants, rejected parol evidence the purpose of which was to clarify the ambiguity. A reading of the agreement, together with the stipulation and the Florida decree, fails to disclose any such claimed ambiguity.

Another contention is, again substantially, that in negotiations prior to the execution of the instruments conversations were had in which an intention different from the one expressed in the instruments involved was arrived at, and that the court erred in refusing to admit parol evidence of these negotiations.

The instruments are clear and explicit on their face, and there is no claim of fraud or undue influence. The ruling in this respect was not erroneous. The rule which controls in this situation is as follows: "If negotiations between parties result in an agreement in reference to the subject matter thereof and if they reduce it to writing, execute, and deliver it, the writing, in the absence of fraud, mistake, or ambiguity, is the only competent evidence of the contract." Preferred Pictures Corp. v. Thompson, 170 Neb. 694, 104 N. W. 2d 57.

The remaining question to be considered is that of whether or not the plaintiff was entitled to maintain this as a declaratory judgment action. There can be no doubt under the statute that she was so entitled. Section 25-21,150, R. R. S. 1943, provides as follows: "Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have de-

termined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder." See, also, Nebraska Seedsmen Assn. v. Department of Agriculture & Inspection, 162 Neb. 781, 77 N. W. 2d 464; County of Douglas v. OEA Senior Citizens, Inc., 172 Neb. 696, 111 N. W. 2d 719.

. Section 25-21,151, R. R. S. 1943, provides: "A contract may be construed either before or after there has been a breach thereof."

In the case here the question of the rights of the plaintiff and the declaration of the respective obligations of the defendants were questions for determination and were matters presentable in a declaratory judgment action. The district court by its judgment found in essence that the liability of the defendants was equal and several.

In the light of these observations the conclusion is reached that the judgment of the district court should be and is affirmed.

AFFIRMED.