JOE SCHOMMER, APPELLANT, V. CLIFFORD W. BERGFIELD ET AL., APPELLEES.

132 N. W. 2d 345

Filed January 8, 1965. No. 35773.

Fisher & Fisher, for appellant.

Edmund Hollstein, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, BOS-LAUGH, and BROWER, JJ., and POLLOCK and SIDNER, District Judges.

CARTER, J.

This is a suit for specific performance of a contract for the sale of real estate. The trial court denied specific performance and the plaintiff has appealed.

The defendants were the owners of a ranch containing approximately 5,500 acres of land. They listed the land with Downing and Reed Agency, a real estate firm. Not being able to find a buyer for the whole tract, defendants agreed to sell it in three tracts, conditional on all three tracts being sold. The contract involved in this litigation involves the middle tract containing 1,440 acres, the legal description of which is set forth in the pleadings and will not be repeated here. The sale contract entered into was between the defendants as sellers and the plaintiff as the purchaser of the 1,440 acres.

The pertinent portions of the contract provided for the sale of the 1,440 acres for the sum of $43,200, payable $5,000 on or before the execution of the contract and the balance of $38,200 on January 2, 1963, upon delivery of a good and sufficient abstract of title and a warranty deed containing the common covenants of warranty. The sole issue is whether or not the plaintiff breached the contract by failing to make the $5,000 downpayment in accordance with the terms of the contract of sale.

The pertinent evidence is as follows: The real estate agent employed Gordon Shaffer, Jr., a lawyer at Chadron, Nebraska, to draft the contract of sale. After a conference with the parties, the contract was drawn and the parties notified to come to his office, which they did on October 5, 1962. Some changes, incidental only to the present litigation, were agreed upon and made. The sellers thereupon signed and acknowledged the contract. The plaintiff, Joe Schommer, did not sign the contract at that time, stating that he wanted to go to the bank for the $5,000 so that he could pay it at the time he executed the contract. He was informed that the money could be placed to defendants' credit at their bank. Defendants thereupon left. The plaintiff subsequently signed the contract, the time of signing not being clear from the evidence. The contract shows it was acknowledged on October 5, 1962, while the $5,000 cashier's check is dated October 11, 1962. Admittedly the contract was not signed by plaintiff in the presence of the defendants.

The evidence shows that, at the time plaintiff executed the contract and delivered the $5,000 cashier's check to Shaffer, he informed the latter that it was bad business to pay the money over and that he wanted Shaffer to hold it or put it in the bank in escrow. The result was that the $5,000 was never paid over or tendered to the defendants.

Plaintiff contends that the defendants agreed at the time they signed and acknowledged the contract that

the $5,000 was to be held in escrow. Both defendants deny that any such agreement was reached or even discussed. Shaffer testified that he heard nothing at that time about an escrow arrangement, although it could have been said outside his presence while he was completing the drafting of the contract. We think it is an important circumstance that other changes in the contract were made at that time before the defendants executed the contract and that no change was made concerning an escrow provision. The contract of sale was read over by the defendants and plaintiff, and nothing was said by any of them about an escrow provision. There was some evidence by one of the purchasers of the south tract, who was present, that there was an oral agreement that the $5,000 was to be held in escrow. The evidence, although in conflict, sustains the finding of the trial court that no oral agreement was established to the effect that the downpayment was to be held in escrow.

We are of the opinion, however, that the evidence of such an oral agreement varies the terms of the written contract and is incompetent under the parol-evidence rule. It is not disputed that the written contract of sale provided that the $5,000 was to be paid to the defendants on or before the execution of the agreement. It was not so paid. It was not paid or tendered prior to the commencement of this action. It is fundamental that if negotiations between parties result in an agreement in reference to the subject matter thereof and if they reduce their agreement to writing, and sign and deliver it, the writing, in the absence of fraud, mistake, or ambiguity, is the only competent evidence of the contract. Bitler v. Terri Lee, Inc., 163 Neb. 833, 81 N. W. 2d 318; Dorland v. Dorland, 175 Neb. 233, 121 N. W. 2d 28; Bishop Cafeteria Co. v. Ford, 177 Neb. 600, 129 N. W. 2d 581. The action of plaintiff in placing the downpayment in escrow instead of paying it to the defendants at the time of the execution of the contract, as the written

agreement provided, constitutes a material breach of the contract.

Plaintiff contends that time was not of the essence of the contract and that plaintiff was entitled to a reasonable time to perform. The contract of sale does not provide that time is of the essence. There is evidence that defendants needed the downpayment to meet obligations at their bank and that plaintiff agreed that the money would be placed to their account. Time was considered of the essence when he declined to sign the contract until he had the $5,000 to pay defendants. The refusal of plaintiff, to pay the money to the defendants or to place it to their credit in the bank was not brought about by uncontrolled delay but by a deliberate attempt to unilaterally change a material provision of the contract. In any event, he was given a reasonable time to comply with the contract under the circumstances shown. On or after December 1, 1962, plaintiff was informed by the defendants that they would not perform because of the failure of plaintiff to make the downpayment of $5,000 as the contract provided. Under such circumstances, the failure to pay the $5,000 downpayment in accordance with the contract constitutes a material breach, and the notice by defendants as above stated operates as a forfeiture.

The defendants were ready, willing, and able to perform the contract until on or after December 1, 1962, when they informed plaintiff that they considered the contract at an end because of his failure to perform. "The specific performance of a contract by a court of equity is not generally demandable or awarded as a matter of absolute legal right but is directed to and governed by the sound legal discretion of the court, dependent upon the facts and circumstances of each particular case. It will not be granted where enforcement would be unjust, and may be denied where the party seeking it has failed to perform. * * * Where failure to convey land under an executory contract of sale is due

solely to the refusal of the purchaser to pay or tender the stipulated purchase price according to the terms of his agreement, he is not entitled to specific performance or to damages for breach of contract." Kobza v. Spath, 166 Neb. 623, 90 N. W. 2d 246. See, also, Sofio v. Glissmann, 156 Neb. 610, 57 N. W. 2d 176; Dodge v. Galusha, 151 Neb. 753, 39 N. W. 2d 539.

Plaintiff contends there was a waiver of the contract provision as to the $5,000 downpayment. The evidence of waiver is substantially as follows: Mildred Castek, Shaffer's secretary, testified that she saw the defendant Lois Bergfield sitting in her truck in front of the bank on or about October 9, 1962. She informed Mrs. Bergfield that the money was in the file but had not been delivered to the bank because Shaffer was ill and had had not been able to deliver it. Mrs. Castek quoted Mrs. Bergfield as having stated that that was perfectly all right.

The evidence of Mrs. Castek is not inconsistent with the terms of the contract of sale in that it indicates a delay in depositing the $5,000 to defendants' bank account because of the illness of Shaffer. There is nothing to indicate a waiver of the payment to defendants of the $5,000 in favor of an escrow agreement. The evidence will not sustain a finding that the payment of $5,000 to the defendants on the execution of the contract was waived.

Plaintiff contends further that the defendants cannot show by parol evidence that the $5,000 downpayment was not paid because it varies the terms of the written contract. The contract provided: "The sum of Five Thousand Dollars ($5000.00), paid on or before the execution of this Agreement, payment of which is hereby acknowledged by the sellers." The acknowledgment of payment is a mere statement of fact and not a contractual provision of the agreement. Evidence disputing its correctness is not incompetent under the parol-evidence rule. This point has previously been decided by

this court. Wells v. Aufrecht, 96 Neb. 402, 147 N. W. 1125; Hartman v. Lipovsky, 122 Neb. 823, 241 N. W. 563; Barth v. Reber, 135 Neb. 25, 280 N. W. 219.

The plaintiff assigns as error the fact that the trial judge interrogated Joe Schommer after counsel for both parties had completed their questioning of the witness. It is the contention of the plaintiff that the court's examination adduced incompetent evidence. No objections were made to any of the questions asked by the court. In any event, the questioning by the court was to clarify the sequence of events testified to by Schommer. No incompetent evidence was adduced. While it is ordinarily the function of counsel for the parties to interrogate witnesses, a trial court may properly interpose questions to witnesses for the purpose of clarification of the facts. An examination of the court's interrogation reveals that it was solely for purposes of clarification of the facts and was in no manner prejudicial to the rights of the plaintiff.

The evidence sustains the following findings: The contract of sale was entered into after changes were made as agreed upon by the parties. No change as to the time of payment of the $5,000 was made. The contract was read by the parties before its execution. The evidence does not sustain a finding that the payment of the $5,000 at the time of the execution of the contract was waived. It does sustain a finding that Schommer decided on his own account to place the $5,000 in escrow and not to pay it in accord with the plain provision of the contract. The breach of the contract by Schommer not being waived, the defendants could properly treat the contract as having no force and effect. Under such circumstances, a right on the part of plaintiff to have the contract of sale specifically enforced does not exist. The trial court came to this conclusion and its judgment is affirmed.

AFFIRMED.