A. RICHARD WEINER ET AL., APPELLEES, v. ROBERT T. HROCH, APPELLANT.

196 N. W. 2d 907

Filed April 27, 1972. No. 38287.

John Stewart Barrett and Spielhagen, Matejka & Spielhagen, for appellant.

Lawrence R. Brodkey, for appellees.

Heard before SPENCER, SMITH, and NEWTON, JJ., and CHADDERDON and C. THOMAS WHITE, District Judges.

NEWTON, J.

This is an action for a deficiency judgment following the foreclosure of a real estate mortgage. The primary question presented is whether a provision in a contract of sale that a vendee shall assume and pay a mortgage is merged in a deed which states it is subject to the mortgage but silent on the question of assumption. The district court entered judgment for a deficiency and that judgment is affirmed.

Plaintiffs listed certain real estate owned by them subject to a mortgage for sale. Defendant was interested in purchasing the property but desired to make only a small cash payment. A new mortgage for a larger sum was then entered into by plaintiffs to cut down the amount required as a cash payment. Sale was made to defendant for $1,000, subject to a mortgage of $10,000 which defendant assumed and agreed to pay. The deed omitted the assumption of mortgage clause and stated conveyance was subject to the mortgage. The mortgage was subsequently foreclosed and a deficiency judgment requested against plaintiffs. This they settled. Plaintiffs sought reimbursement for the deficiency from defendant and obtained judgment therefor.

Defendant asserts the contract of sale is not enforceable because plaintiffs were joint owners and only one of them signed the contract. The contract provided

that vendor would "convey or cause to be conveyed" the property sold. The property was in fact conveyed with both owners joining in the conveyance. "The rule that mutuality is an essential element of an executory contract is not applicable to executed contracts or where the party not bound has performed its conditions." 17 Am. Jur. 2d, Contracts, § 12, p. 351. See, also, Bigler v. Baker, 40 Neb. 325, 58 N. W. 1026; Stearns v. Nebraska Building & Investment Co., 109 Neb. 657, 192 N. W. 330.

It is the general rule that for most purposes when a deed is made in execution of a contract of sale, the provisions of the contract are merged in the deed. See Hoke v. Welsh, 162 Neb. 831, 77 N. W. 2d 659.

There are exceptions to the foregoing general rule. One exception relates to the assumption of a mortgage as part of the consideration. " 'The true consideration for a deed of conveyance of real estate may be shown by parol evidence, although the deed recites a consideration.' " Barth v. Reber, 135 Neb. 25, 280 N. W. 219. The rule is well settled that: "An agreement to pay an existing mortgage, as part of the consideration for a conveyance of mortgaged premises, need not be inserted in the deed, neither must it necessarily be in writing. Such an agreement is an independent undertaking of the party making it, the conveyance affording sufficient consideration to sustain it when its existence is established by a preponderance of evidence." Reynolds v. Dietz, 39 Neb. 180, 58 N. W. 89. See, also, Rockwell v. Blair Savings Bank, 31 Neb. 128, 47 N. W. 641; Wiltrout v. Showers, 82 Neb. 777, 118 N. W. 1080; Logan Valley Bank v. Christensen, 98 Neb. 49, 151 N. W. 939.

There can be little, if any, question about the nature of the agreement entered into by the parties. The purchase agreement specifically states that the buyer was to assume a loan of $10,000 and the settlement agreement reflects a "mortgage assumption fee." The

defendant buyer admits he helped the real estate agent make up the contract of sale. He further admits it was his understanding that he was to pay the mortgage. The agreement by defendant to assume the mortgage is supported by the evidence and we are compelled to conclude that a jury question was presented. "It is not the province of this court in reviewing the record in an action at law to resolve conflicts in or weigh the evidence." Parsons Constr. Co. v. State, 180 Neb. 839, 146 N. W. 2d 211.

The judgment of the district court is affirmed.

AFFIRMED.