BENNY ROWE, APPELLANT, V. JOHN R. ALLELY, APPELLEE.

507 N.W.2d 293

Filed November 5, 1993.   No. S-91-767.

William G. Line, of Kerrigan & Line, for appellant.

Frederick D. Stehlik and Thomas W. McPherson, of Schmid, Mooney & Frederick, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

WHITE, J.

Benny Rowe is appealing an order of the Dodge County District Court granting summary judgment in favor of appellee, John R. Allely, in an action for breach of an oral agreement. We reverse the district court's order and remand the cause for further proceedings.

In July 1987, Allely contacted Rowe regarding the management of an automobile dealership. Allely intended to

open a dealership and wanted Rowe both to serve as general manager and to eventually purchase an interest in the business.

On July 9, Allely handwrote a "Memorandum of Understanding," which included the statement: "Dealership on Day #1 will be in the black" with "a 'reasonable' cushion." On September 11, the parties executed an "Employment Contract" and a "Stock Purchase Agreement." The employment contract addressed Rowe's proposed role in the business, salary, and benefits. That contract also included a provision which stated that the contract represented the "full and complete understanding and agreements of the parties and supersedes all prior understandings and agreements." The stock agreement provided that Rowe would purchase stock in Allely's corporation out of the profits generated by the dealership. The parties also signed a "Dealer Sales and Service Agreement" with General Motors Corporation. That agreement states that the dealer will maintain $215,000 in net working capital.

In December 1987, the dealership commenced business. However, Allely never contributed the working capital. As a result, Rowe contends, the dealership could not continue. Rowe resigned, and the parties signed a termination agreement in February 1988. Although the termination agreement includes a mutual release of obligations between the parties, the effect of the agreement was not the basis for the trial court's summary judgment and is not before this court on appeal.

Rowe filed an action against Allely for the damages arising from Allely's failure to finance the dealership. Rowe contends that he left his other job because Allely promised to provide adequate financing. Rowe also contends that he has been unable to find suitable employment since the failure of the dealership.

Allely filed a motion for summary judgment, and a hearing was held on July 1 and 8, 1991. On July 17, the district court issued its order. The court stated that Rowe was attempting to enforce an oral agreement evidenced by the "Memorandum of Understanding." However, the court held that the parol evidence rule prohibited consideration of this alleged oral agreement. The court reasoned that evidence of prior oral agreements was not admissible to add to, contradict, or vary the

terms of a written contract when the negotiations between the parties have been reduced to writing, unless there is evidence of fraud, mistake, or ambiguity. The court stated that Rowe had not properly alleged fraud, mistake, or ambiguity. Finding no genuine issue as to any material fact, the court ruled that Allely was entitled to judgment as a matter of law.

Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Design Data Corp. v. Maryland Cas. Co.*, 243 Neb. 945, 503 N.W.2d 552 (1993); *Abboud v. Michals*, 241 Neb. 747, 491 N.W.2d 34 (1992); *Murphy v. Spelts-Schultz Lumber Co.*, 240 Neb. 275, 481 N.W.2d 422 (1992). On appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom judgment was granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Design Data Corp., supra.*

Upon our review of the record and in light of the above standard, we believe that there is a factual issue as to Rowe's breach of contract claim and that the parol evidence rule does not apply to exclude evidence of the alleged oral agreement.

When the parties have executed a completely integrated written document purporting to express the terms of their agreement, the parol evidence rule renders ineffective any evidence of a prior or contemporaneous oral agreement which adds to, alters, varies, or contradicts the terms of the written document. *Five Points Bank v. White*, 231 Neb. 568, 437 N.W.2d 460 (1989); *Traudt v. Nebraska P. P. Dist.*, 197 Neb. 765, 251 N.W.2d 148 (1977); *Perry v. Gross*, 155 Neb. 662, 53 N.W.2d 73 (1952); *Arman v. Structiform Engineering Co.*, 147 Neb. 658, 24 N.W.2d 723 (1946). Where negotiations between the parties result in an agreement which is reduced to writing, the written agreement is the only competent evidence of the contract in the absence of fraud, mistake, or ambiguity. *Silverman v. Arbor Street Partnership*, 213 Neb. 628, 330 N.W.2d 904 (1983); *Frank McGill, Inc. v. Nucor Corp.*, 195 Neb. 448, 238 N.W.2d 894 (1976). However, the parol evidence rule does not affect a prior agreement separate and distinct

from the agreement which was reduced to writing. *Traudt, supra*; *Arman, supra*; Restatement of Contracts § 240 (1932). According to the Restatement, *supra* at 335:

> (1) An oral agreement is not superseded or invalidated by a subsequent or contemporaneous integration, nor a written agreement by a subsequent integration relating to the same subject-matter, if the agreement is not inconsistent with the integrated contract, and
>
> (a) is made for separate consideration, or
>
> (b) is such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to the written contract.

In this court's opinions, we have often intertwined the Restatement rule with our integration analysis. Nevertheless, we recognize that the parol evidence rule does not apply to a separate and distinct agreement supported by separate consideration. See, 3 Arthur L. Corbin, Corbin on Contracts §§ 584 and 594 (1960); E. Allan Farnsworth, Contracts § 7.3 (1982). The Restatement (Second) adopts the factors in § 240 of the first Restatement to determine whether a writing is completely integrated, but the Restatement (Second) also acknowledges that separate agreements are not affected by the parol evidence rule. See, Restatement (Second) of Contracts § 213(2), comment *c.*, and § 216(2), comment *c.* (1981); John E. Murray, Jr., Murray on Contracts § 107 (1974) (discussing the Restatement (Second)).

In *Traudt v. Nebraska P. P. Dist.*, 197 Neb. 765, 251 N.W.2d 148 (1977), the plaintiffs, landowners, conveyed an easement across their land to the Nebraska Public Power District. The conveyance stated that the landowners conveyed the easement in exchange for a total payment of $1,000 and an allowance for damages that might arise from future use of the easement. The landowners also claimed that the power district promised to pay them additional money for the easement if the power district eventually paid a higher price to other landowners for similar easements. *Id.*

On an appeal from a demurrer, the court stated that if the subsequent written conveyance embodied the completely integrated agreement between the plaintiffs and the power district, then evidence of the prior oral agreement was not

admissible. The court then outlined three tests that may be applied to determine whether a writing is completely integrated: first, whether the writing is complete on its face; second, whether the proffered evidence varies or contradicts the writing; and third, whether the parties intended the writing to cover a certain subject of their negotiations. Additionally, the court applied the Restatement rule. *Id.* See, also, *Cleasby v. Leo A. Daly Co.*, 221 Neb. 254, 376 N.W.2d 312 (1985) (restating the three tests).

The court stated that under any of the three tests, the written conveyance constituted a complete integration of the parties' agreement. Finally, the court applied the Restatement rule and found that the power district's alleged agreement to give the plaintiffs more money was not made for separate consideration; rather, it rested on the same easement that was conveyed in the writing. Furthermore, the court stated that an agreement to pay an unspecified additional amount of money at some time in the future is not an agreement that similarly situated parties would have kept separate from the written conveyance. *Traudt, supra.*

On the contrary, in *Arman v. Structiform Engineering Co.*, 147 Neb. 658, 24 N.W.2d 723 (1946), the court found that an alleged prior agreement was supported by separate consideration and was such an agreement that similarly situated parties would have kept separate from the writing. The plaintiff, Arman, had signed an employment contract which stated that Structiform would pay Arman $25 per each housing unit for which he performed general manager services. *Id.*

Arman brought suit against Structiform for wages he earned under the written contract and under an additional oral agreement. According to Arman, Structiform orally agreed to pay Arman $25 per housing unit for which he performed expediter services. Structiform contended, in part, that because the alleged expediter services were within the scope of the general manager duties, there was no separate consideration for the alleged oral agreement to pay an additional $25 per housing unit. *Id.*

After outlining the general rules regarding parol evidence and integrated writings, as well as the Restatement rule, this court held that the trial court's admission of evidence tending to

prove the prior oral agreement was proper because the prior oral agreement did not vary or contradict the terms of the subsequent writing, was supported by separate consideration, and was an agreement that similarly situated parties would naturally keep separate from the writing. The court found that the duties of general manager did not include those required of Arman as an expediter. Thus, the agreement to pay Arman $25 per unit for expediter services was supported by consideration separate from that supporting the written contract which covered Arman's general manager duties. *Arman, supra.*

In the instant case, the alleged oral agreement addresses a different subject matter than that addressed in either of the two writings, it is not inconsistent with the writings, and it is supported by its own consideration. The alleged oral agreement consists of Rowe's promise to leave his other job and enter into a business relationship with Allely and of Allely's promise to provide adequate financial support for that business. The employment contract addresses the duties that Rowe agreed to perform as general manager of the business in exchange for a salary and benefits. The stock agreement addresses Rowe's promise to purchase a certain amount of stock at a certain price from Allely. The consideration contained in the writings—specific duties for a salary and a certain amount of stock for a certain price—is separate from that supporting the alleged oral agreement—Rowe's promise to leave his job and start a business with Allely for Allely's promise to provide the necessary financial support to the business.

Assuming that the employment contract and the stock agreement are completely integrated, they represent only those agreements contained in each of the respective writings. The alleged oral agreement is a separate agreement, and thus, the parol evidence rule does not apply to exclude evidence of that alleged oral agreement.

Because there exists a genuine issue of fact whether the oral agreement was made, summary judgment was improper. We reverse, and remand for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.