KINGERY CONSTRUCTION COMPANY, APPELLANT, v. BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA ET AL., APPELLEES.
203 N. W. 2d 150

Filed January 5, 1973. No. 38518.

Ginsburg, Rosenberg, Ginsburg & Krivosha, for appellant.

Cline, Williams, Wright, Johnson & Oldfather and Alan E. Peterson, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action for a declaratory judgment to determine plaintiff's liability under a contract for the construction of a chemistry building. Judgment was entered for defendants in the district court. We affirm that judgment.

Defendant Board of Regents let contracts to three independent contractors. One contract was for the electrical work, another for the mechanical aspects of the construction, and the third, to plaintiff, for the general construction of the building. The contract provided:
"22. *PAINTING.*

"*a.* All painting of the Contractor's work will be done by the General Contractor except for the following items which shall be painted by the Mechanical Contractor:

"(1) Factory applied prime coats on mechanical equipment.

"(2) Factory applied finish coat on all air supply grilles, air return grilles and air supply diffusers, color to be selected.

"(3) Contractor applied prime coat on access doors.

"(4) Pipe identification and/or painting.

"*b.* If the factory finish on any equipment furnished by the Contractor is damaged in shipment or during construction of the building, the equipment shall be refinished by the Contractor to the satisfaction of the Engineer."

Addendum No. 3 to plaintiff's contract provided: " 'f. Painting on all items of mechanical and electrical equipment, and machinery, ductwork, conduit and other mechanical and electrical items in all equipment rooms and elsewhere where exposed in the building shall be required.' "

In the rooms containing mechanical equipment, all painting was done by the mechanical contractor in accordance with the requirements of the contract. Plaintiff was required to paint all uninsulated, exposed piping in the rest of the building and contends that this was the obligation of the mechanical contractor. Unless the foregoing excerpts can be construed to require the mechanical contractor to perform painting tasks outside the mechanical rooms, the contract is without such requirement. Although other provisions of the contract clearly required the mechanical contractor to paint the so-called "mechanical rooms," the provisions found in the foregoing paragraph 22 do not clearly place a further burden upon it. Items (1) and (2) specify factory applied paint, item (3) painting by the contractor, and item (4) specifies neither but appears to be concerned primarily with pipe identification by painting *or other means*. This is borne out by paragraphs 33. *c.* (2) through *d.* of Division 15A which provide: "(2) All piping outside of mechanical equipment rooms, and including pipe chases, crawl spaces, tunnels, ceiling spaces and piping exposed in rooms shall be identified in each room with a minimum of thirty feet with a pipe marker and flow direction arrow. Markers shall give pipe content name in full.

"*d.* Pipe markers and flow directional arrows shall be Brady self stocking pipe markers as manufactured by the W. H. Brady Company, 727 West Glendale Avenue, Milwaukee 9, Wisconsin, or approved equal." It does not appear that such identification was lacking.

Athough the mechanical and electrical contractors were made party defendants to this action, no relief was

prayed for as to them. Judgment against the Board of Regents was requested. The only question presented therefore is whether or not, as to the Board of Regents, plaintiff had a contractual duty to do the disputed painting. Quite possibly the contract, in part, duplicated requirements for painting as pertains to plaintiff and the mechanical contractor. This could not excuse plaintiff from performing the clear requirements of the contract which pertained to it. The contractual provisions appearing in Addendum No. 3 as above quoted require the general contractor to paint "all items of mechanical and electrical equipment" and "other mechanical and electrical items" throughout the building. It is not disputed that electrical equipment includes electrical conduits throughout the building. In other words, the terminology used includes all wiring in the building as well as equipment found in the mechanical rooms. Applying the same reasoning, it appears to be clear that the term "mechanical equipment" includes not only the heating, plumbing, and air conditioning equipment in the mechanical rooms but also, as adjuncts thereto, the heating, plumbing, and air conditioning conduits, pipes, etc., running through the building. They cannot reasonably be considered equipment of any other type or falling under any other contract classification.

The intention of the parties to a written contract expressed in unambiguous terms must be determined from its contents. See Strickland v. Omaha Nat. Bank, 181 Neb. 478, 149 N. W. 2d 344.

We conclude that under the terms of the contract, plaintiff was required to do the disputed painting. The judgment of the district court is affirmed.

AFFIRMED.