C. G. SMITH CONSTRUCTION CO., A CORPORATION, ET AL., APPELLEES, V. COBLEIGH ELECTRIC COMPANY, A CORPORATION, DOING BUSINESS AS SOUTHEAST ELECTRIC COMPANY, ET AL., APPELLEES, IMPLEADED WITH WESTINGHOUSE ELECTRIC SUPPLY COMPANY, A CORPORATION, APPELLANT.

246 N. W. 2d 55

Filed October 13, 1976. No. 40508.

Charles A. Nye of Garvey, Nye, Crawford, Kirchner & Moylan, for appellant.

Richard E. O'Toole of Walsh, Walentine & Miles, for appellees C. G. Smith Constr. Co. et al.

Ronald Rosenberg and John F. Akin, for appellees Cobleigh Electric Co. et al.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This action was brought under the Uniform Declaratory Judgments Act to determine the amount due to various defendants and the status of certain liens arising out of the construction of an apartment complex. This appeal concerns only the portion of the trial court's decree determining that there was no contract of guaranty between the defendant Westinghouse and the plaintiff, Construction Sciences, Inc., as well as the fact that the trial court failed to make a finding that certain material was delivered to the site or used in the con-

struction of the apartments and had not been paid for.

On July 12, 1972, plaintiff C. G. Smith Construction Co. entered into a labor and material subcontract with Southeast Electric Company for $217,200, to perform electrical work in the construction of Ruskin Place Apartments. This contract was assigned shortly thereafter to plaintiff, Construction Sciences, Inc.

Wendell Cobleigh, owner of Southeast Electric, asked Theodore Madej, vice-president of Construction Sciences, Inc., to assist him in getting electrical materials in stock at the Westinghouse Electric Supply Company's warehouse in Lincoln, Nebraska. After telephone conversations between George Buchanan, credit manager of Westinghouse, and Madej, the exact substance of which is in dispute but which questioned Southeast's credit, Mr. Buchanan, on October 9, 1972, drafted and sent the following letter to Mr. Madej:

"Construction Sciences, Inc.
C. G. Smith Const. Co.
8425 Madison St.
Omaha, NB 68127

"ATTN: Mr. Theodore J. Madej - Vice President
"RE:  Southeast Electric Co.
      Wendell Cobleigh
      Lincoln, Nebraska
      Ruskin Place Apt. Project

"Dear Mr. Madej:

"As we discussed today on the phone, we will be selling electrical materials to Southeast Electric Co., of Lincoln for the Ruskin Place Apartments Project, your firm is constructing.

"We will expect your firm to guarantee payment of all our invoices for material furnished on this project and also it is understood that a joint payable checks for material will be made out to Westinghouse Electric Supply Co. and Southeast Electric Co.

"Would you kindly acknowledge the copy of this letter

and return it promptly to me for our files.  Our terms of sale are '10th prox. - Net 30 Days.'

"Thank you for your consideration in this matter.

"Sincerely,

G. H. BUCHANAN /sgd./

G. H. Buchanan

District Credit Manager

"G.B./ds

Enclosure

"Theodore J. Madej V.P.                    10/10/72 DATE"

ACKNOWLEDGED & ACCEPTED

It is to be noted that on October 10, 1972, Madej acknowledged and accepted exhibit 13.  The question presented by this appeal is:  Did exhibit 13 constitute a contract of guarantee by Construction Sciences, Inc., to Westinghouse Electric Supply Company for the payment of invoices furnished on the Ruskin Place Apartments?  The trial court held it did not.

The trial court accepted the theory of appellees that the agreement was ambiguous. It thereupon permitted the introduction of parol evidence by Construction Sciences, Inc., that the language of the letter did not guarantee payment but merely was an assurance of payment by joint checks.  Madej testified it was on this basis that he placed the words "ACKNOWLEDGED & ACCEPTED" on the bottom of the instrument.

We find the trial court was in error.  Parol evidence was not admissible to add to, contradict, or vary the terms of the instrument.  There is no theory on which we can find the instrument to be ambiguous.  It definitely states that Westinghouse Elecric Supply Company was asking Construction Sciences, Inc., to guarantee payment of all their invoices for material furnished. A written contract expressed in unambiguous language is not subject to interpretation or construction and the intention of the parties to such a contract must be determined from its contents.  Gerdes v. Omaha Home for Boys (1958), 166 Neb. 574, 89 N. W. 2d 849.

The language used is clear and unequivocal. The letter further stated: "* * * and *also* it is understood that a joint payable checks for material will be made out to Westinghouse Electric Supply Co. and Southeast Electric Co." (Italics supplied.) It is clearly apparent that two separate points were made: (1) Construction Sciences, Inc., was to guarantee payment of all Westinghouse invoices; and (2) also they were to have joint payable checks issued for the material delivered.

For the reasons stated, the judgment of the District Court is reversed. The cause is remanded to the District Court with directions to determine the amount due to Westinghouse Electric Supply Company from the plaintiffs under the terms of the guarantee.

REVERSED AND REMANDED WITH DIRECTIONS.