ROBERT R. RULLMAN, PERSONAL REPRESENTATIVE OF THE ESTATE OF GEORGE B. RULLMAN, DECEASED, APPELLANT, V. LAFRANCE, WALKER, JACKLEY & SAVILLE, A PARTNERSHIP, AND MCDERMOTT AND MILLER, A PARTNERSHIP, APPELLEES.

292 N. W. 2d 19

Filed May 6, 1980. No. 42632.

Thomas A. Wagoner, for appellant.

Les Seiler, for appellees.

Heard before KRIVOSHA, C. J., BRODKEY and HASTINGS, JJ., and CLARK and FAHRNBRUCH, District Judges.

FAHRNBRUCH, District Judge.

This is an accounting action originally brought by George B. Rullman for sums claimed due as a result of the sale of his Hastings, Nebraska, accounting business to defendant, LaFrance, Walker, Jackley & Saville, an accounting partnership. The Hastings business was subsequently acquired by McDermott and Miller, another accounting partnership.

After initiating the action in the District Court for Hall County, Nebraska, Mr. Rullman died and the action was revived by the personal representative of his estate, Robert R. Rullman.

On December 28, 1971, George Rullman, a certified public accountant, sold, under written instrument, his Hastings, Nebraska, accounting business to the LaFrance partnership, which had its principal office in Great Bend, Kansas. Approximately a year and a half later, the McDermott partnership acquired LaFrance's Hastings office.

Subsequent to the Rullman sale, the LaFrance partnership and, thereafter, the McDermott partnership, not only served Rullman's former clients, but also acquired a substantial number of new clients at the Hastings office and generally prospered. Rullman, in his petition, claimed that he was entitled not only to 15 percent of the gross billings to the clients he turned over to LaFrance, but also to 15 percent of

the gross billings to new clients procured by La-France and McDermott during the term of the contract.

The trial court found the agreement ambiguous, admitted parol evidence, and found that the parties intended that Rullman should be paid 15 percent of the gross billings of Rullman's clients for 84 months, but no part of the gross billings to new clients.

While we affirm the results of the trial court's judgment in finding for the defendants, we do not agree that the written contract involved in this action was unclear, ambiguous, or subject to two interpretations. To the contrary, we find the agreement was clear and unambiguous, and that the trial court was in error in admitting parol evidence.

Parol evidence is not admissible to add to, contradict, or vary the terms of a written contract. *C. G. Smith Constr. Co. v. Cobleigh Electric Co.*, 196 Neb. 711, 246 N.W.2d 55 (1976). There is no theory on which we can find the instrument in this case to be ambiguous, unclear, or subject to more than one interpretation.

A written contract expressed in unambiguous language is not subject to interpretation or construction and the intention of the parties must be determined from its contents. *Clemens Mobile Homes, Inc. v. Anderson, ante* p. 58, 291 N.W.2d 238 (1980); *C. G. Smith Constr. Co. v. Cobleigh Electric Co., supra; Kingery Constr. Co. v. Board of Regents*, 189 Neb. 453, 203 N.W.2d 150 (1973); *Gerdes v. Omaha Home for Boys*, 166 Neb. 574, 89 N.W.2d 849 (1958).

Here, the intent of the parties is clearly expressed in the introductory portion of the Rullman-LaFrance agreement. LaFrance was "desirous of acquiring the clientele of Rullman and to provide the accounting and related expert services to said clientele in the future . . . ." It was "the genuine desire of both parties" that the agreement "serve the purpose to the

end that the clientele of Rullman will be serviced by LaFrance . . . ."

Thereafter, the agreement provided that LaFrance was to pay Rullman a sum "equal to fifteen per cent (15%) of the gross billings for assignments performed by the Hastings office during a period of eighty-four (84) months . . . ." Since the purpose of the contract was to "serve the purpose to the end that the clientele of Rullman will be serviced by La-France," it is unmistakably clear that the parties intended the word "assignments" to apply only to the work done for Rullman's former clientele during the term of the contract and not to the work for newly acquired clients.

In July 1973, when McDermott purchased La-France's Hastings business and assumed LaFrance's obligations under the Rullman-LaFrance agreement, Rullman attempted to modify the December 28, 1971, agreement. Although the modification instrument was executed by Rullman and McDermott, it never became operative. Rullman failed to release LaFrance from liability on the December 28, 1971, agreement and McDermott failed to perform certain conditions under the Rullman-McDermott modification. These were conditions precedent to the Rullman-McDermott modification agreement becoming operative and it, therefore, never became effective. Therefore, the 1971 agreement remained in effect.

The trial court's judgment insofar as finding for the defendants is affirmed.

AFFIRMED.